## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Allen Ellis, | Case No. 19-cv-544 (DSD/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kathy M. Halvorson, | |
| Respondent. | |

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Petitioner Donald Ellis's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. (Pet., ECF No. 1). This matter was referred to the Court pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1. For the reasons stated herein, the Court recommends dismissing the Petition with prejudice.

### I.   BACKGROUND

Ellis was convicted in Minnesota state court of two counts of felony aiding and abetting identify theft. *State v. Ellis*, 2014 WL 1875489, at *1 (Minn. Ct. App. May 12, 2014), *review denied* (Minn. Aug. 5, 2014). Following the jury's guilty verdict, the district court held a *Blakely* trial to determine aggravating sentencing factors. *Id.* The jury found two aggravating factors: (1) that Ellis was a career offender and (2) acted as part of a group of three or more participants in both offenses. *Id.* The district court sentenced Ellis to the statutory maximum sentence on count one and imposed a sentence on count two that was

a double upward departure from the presumptive-guidelines sentence. *Id.* The sentence on count two was to run consecutively from the first. *Id.* at *1–2.

On direct appeal, Ellis argued that the district court erred by (1) imposing a double upward departure and consecutive sentence; (2) denying his motion to dismiss one count of felony identity theft; (3) allowing police investigators to testify concerning how they developed Ellis as a suspect; (4) denying his request for a mistrial due to improper witness testimony; (5) allowing a detective to testify concerning an Eighth Circuit Court of Appeals opinion documenting a previous felony conviction; and (6) admitting several probable-cause complaints into evidence during the *Blakely* trial to establish that Ellis was a career offender. *Id.* at *1. Ellis also raised 12 arguments in his pro se supplemental brief, several of which were also argued by his counsel. *Id.* at *11. The Minnesota Court of Appeals rejected the arguments raised by both Ellis and his counsel and affirmed the convictions. *Id.* at *1.

The Minnesota Supreme Court denied Ellis's petition for further review on August 5, 2014. Through counsel, Ellis filed a petition for postconviction relief on February 19, 2016. (ECF No. 23-1, at 113; ECF No. 23, at 381). Ellis moved the district court to correct his sentence, arguing that he did not qualify as a career offender for sentencing purposes. (ECF No. 23-1, at 112). The district court granted in part and denied in part Ellis's petition. *State v. Ellis*, 2017 WL 6567829, at *1 (Minn. Ct. App. Dec. 26, 2017), *review denied* (Minn. Mar. 20, 2018). It agreed that a 2015 Minnesota Supreme Court decision made clear that Ellis did not qualify as a career offender and, because the count-two sentencing departure had been based exclusively on his status as a career offender, reversed his

sentence on count two. *Id.* at 2. The district court held a resentencing hearing and sentenced Ellis to the presumptive sentence on count two. (ECF No. 23, at 390). Concerning count one, the district court determined that the second aggravating factor alone—that Ellis committed the offense as part of a group of three or more participants—justified the upward departure. *Id.* at *1. Ellis appealed and the Minnesota Court of Appeals affirmed the district court. *Id.* Ellis again petitioned the Minnesota Supreme Court for further review; the court denied the petition on March 20, 2018. (ECF No. 23-1, at 111).

## II. HABEAS PETITION

Ellis filed his petition for habeas relief on March 6, 2019, raising four grounds for relief, which this Court best discerns as: (1) the three-or-more-participants aggravating factor also being an element of the underlying crime violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments; (2) the prosecutor's *Brady* disclosure violations offended Ellis's due process rights; (3) the jury's *Blakely* findings were irreparably tainted by the presentation of inadmissible prior-conviction evidence in violation of Ellis's due process rights; and (4) the district court judge relied on inaccurate evidence to impose an illegal sentence on count one.

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless

3

the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the AEDPA, habeas petitioners have one year from the latest of four triggering events to file an application for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). A state prisoner ordinarily has one year to file a petition from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But where the petition alleges newly discovered evidence, the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 224(d)(1)(D).[1]

### B. Ellis's Petition is Untimely

Ellis's conviction became final on November 3, 2014, 90 days after the Minnesota Supreme Court declined review of his case, when he could no longer timely seek a petition for a writ of certiorari from the United States Supreme Court. *See Martin v. Fayram*, 849 F.3d 691, 697 (8th Cir. 2017). Consequently, absent statutory tolling—an argument Ellis does not raise here—Ellis had one year from November 3, 2014 to petition for federal

---

[1] The other two possible dates from which the period may run are inapplicable to this case because (1) there was never any impediment to Ellis filing a habeas petition previously as evidenced by his filing of a state postconviction petition, and (2) Ellis is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

habeas relief. *Id.* And while a state postconviction petition tolls the AEDPA's limitations period, 28 U.S.C. § 2244(d)(2), the tolling provision does not revive an already expired limitations period. *Clark v. Minnesota Department of Correction*, No. 17-cv-4905, 2018 WL 4473526, at *1 (D. Minn. Feb. 26, 2018). Ellis did not file his state postconviction petition until February 2016—over one year from the time Ellis's conviction became final. Ellis's federal habeas clock expired and his petition is therefore untimely. *See Martin*, 849 F.3d at 697–98.

### C. No Newly Discovered Evidence

Ellis references "newly discovered evidence" in his petition at various points, but the "newly discovered evidence" to which he alludes could have been discovered through the exercise of due diligence, at the latest, by the conclusion of his direct appeal.

Ellis asserts that the state presented testimony during the *Blakely* trial concerning a 1976 felony conviction, but in 2016 he discovered that the state withheld a report from the Minnesota Bureau of Criminal Apprehension (BCA) documenting the conviction as a misdemeanor upon successful completion of probation. The factual predicate, then, is that because the 1976 conviction was a misdemeanor, he was erroneously convicted as a career offender having five or more prior sequential felony convictions. *Cf. Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009). As the Minnesota Court of Appeals noted, Ellis "was specifically instructed *during his original sentencing hearing*" that the 1976 conviction was deemed a misdemeanor after he successfully completed probation. *Ellis II*, 2017 WL 6567829, at *6 (emphasis added). Thus, Ellis knew of the factual predicate for his claim

by the conclusion of the direct appeal, well before the 2016 "discovery," and this cannot constitute newly discovered evidence.

Similarly, Ellis asserts he discovered the state withheld a certified copy of a 1984 Eight Circuit Court of Appeals opinion vacating his prior felony conviction. The district court heard testimony concerning this conviction at Ellis's *Blakely* hearing. (ECF No. 23, at 28). Moreover, whether the conviction was provided as a certified copy or not, Ellis cannot argue he was unaware of information pertaining to his *own* conviction or that this information was unavailable to him during his direct appeal. As such, this cannot constitute newly discovered evidence.

In sum, there is no newly discovered evidence that would alleviate Ellis from the time bar applicable to federal habeas petitions. Ellis's petition is untimely.

### D. Actual Innocence

Ellis argues that the 1976 BCA report establishes that he is "actually innocent" of the career-offender aggravating factor. A habeas petitioner may pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar upon a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception "is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* Ellis does not maintain his actual innocence concerning the underlying felony offenses of aiding and abetting identity theft.[2] Ellis maintains that he is actually innocent of the career-offender

---

[2] The relief Ellis expressly seeks in his petition is for this Court to impose the presumptive-guidelines sentence.

aggravating factor. The Minnesota courts, through the postconviction process, corrected Ellis's sentence that was based on his status as a career offender. Thus, there no longer exists any factual or legal predicate to challenge a sentencing decision that has been remedied. This Court finds Ellis's invocation of the actual innocence exception to be without merit.

### E. No Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Ellis's petition for being time-barred debatable, or that some other court would decide this petition differently. This Court therefore recommends that a certificate of appealability not issue.

### III.   MOTION TO REMOVE RESPONDENT'S COUNSEL

Ellis moved to remove respondent's counsel and answer for the integrity of the court. (ECF No. 28). Ellis asserts that respondent's counsel—the prosecutor assigned to his state court case—is untrustworthy and included within her answer tainted Minnesota

Court of Appeals opinions and arguments of her own making. This Court finds Ellis's motion and supporting memorandum to lack merit.

## IV. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Donald Ellis's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, (ECF No. 1), be **DENIED;**

2. Ellis's Motion to Remove the Respondent Ms. Linda K. Jenny and Her Respondent Motion Answer for the Integrity of the Federal Habeas Court from Fraud upon [t]he Cou[r]t Commit[t]ed by Respondent, (ECF No. 28), be **DENIED**;

3. A certificate of appealability not issue; and

4. This action be **DISMISSED with prejudice.**

Dated: October 15, 2019

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*Ellis v. Halvorson*
Case No. 19-cv-544 (DSD/SER)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.